## AFFIDAVIT IN SUPPORT OF
## CRIMINAL COMPLAINT

I, Luis Gonzalez-Encarnacion, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent with Homeland Security Investigations and have been since December 2023. I am currently assigned to the Immigration Crimes Group in San Juan, Puerto Rico. Prior to my appointment as a Homeland Security Investigations Special Agent, I was appointed in 2019 as a Border Patrol Agent with the United States Border Patrol. As a Homeland Security Investigations Special Agent, I have received formal and on the job training and I am authorized to investigate violations of laws of the United States and to execute and serve any order, subpoena, summons, warrant, or other process issued under the authority of the United States. I am familiar with the statutes of the United States Code, and as a federal law enforcement officer, I have participated in investigations, surveillance, interviews, interrogations, arrests, searches, seizures, administration of oaths, and in taking and considering evidence concerning the privilege of any person to enter, reenter, pass through, or reside in the United States. Based on my law enforcement experience detailed herein, as well as my training, and experience of other law enforcement officers who are participating in this investigation, serve as the basis for the conclusion set forth herein.

2. This affidavit is intended to show merely that there is sufficient probable cause for the requested criminal complaint and does not set forth all of my knowledge about this matter. I make this affidavit based on my own personal knowledge and on oral and written

reports by other federal, state, and/or local law enforcement agents and officers that investigated this matter. This affidavit does not contain all the information derived from this investigation only that which is sufficient to demonstrate probable cause to believe that a crime has been committed.

3. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of **8 U.S.C. 1326(a) and (b)(2) (*Reentry of removed alien subsequent to an aggravated felony conviction*)** has been committed by **Raul Roberto SUERO-Torres** (SUERO-Torres).

## PROBABLE CAUSE

4. On September 14, 2025, Homeland Security Investigations (HSI) executed an operation named Gallera 3, after receiving information of suspected violations to the immigration laws of the United States by individuals gathering and participating in an illegal cock fighting ring located at Villa Hugo 2, Canovanas, Puerto Rico.

5. SUERO-Torres was first encountered by HSI Special Agents while participating in the illegal cock fighting ring. During the operation SUERO-Torres ran away from law enforcement agents and entered a high brush and muddy area. After a search in the area SUERO-Torres was found hiding in the brush. Agents requested his name and identification. SUERO-Torres identified himself as Raul Roberto SUERO-Torres, and stated that he is from the Dominican Republic, and that he did not have any identification. SUERO-Torres was arrested and transported to an Enforcement Removal Operations (ERO) Office in San Juan for further processing.

6. Record checks revealed that SUERO-Torres was not in possession of a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid

entry document, or a valid unexpired passport, or any suitable document of identity and nationality to enter, pass through, or remain in the United States. HSI determined that SUERO-Torres is inadmissible to the United States. SUERO-Torres was administratively detained for further processing.

7. On September 17, 2025, HSI Special Agents interviewed SUERO-Torres. Agents read SUERO-Torres his Miranda rights which SUERO-Torres waived and agreed to speak with the agents. During the interview SUERO-Torres admitted the following:

    a. That he was illegally present in the United States.

    b. That he first entered the United States near Rincon, Puerto Rico in "yola" (yawl type vessel) in 1995.

    c. That he moved ~~oved~~ to Pennsylvania in 2012 with wife and two children.

    d. That he was sentenced to 5 years of imprisonment for a drug case and was deported back to Dominican Republic after serving his imprisonment sentence.

    e. That he re-entered the United States near Aguadilla, Puerto Rico in a yawl type vessel after being deported.

    f. That during the operation he ran and tried to hide from the immigration agents, until he was detected and eventually arrested.

8. As to SUERO-Torres immigration and criminal history, record checks revealed the following:

    a. On June 17, 2002, SUERO-Torres adjusted his status to that of Lawful Permanent Resident.

b. On November 7, 2012, SUERO-Torres was convicted of unlawful delivery of control substances, an aggravated felony, and criminal use of communication facility.

c. On May 15, 2013, SUERO-Torres was ordered removed by an Immigration Judge.

d. On September 20, 2016, SUERO-Torres was removed from the United States to the Dominican Republic.

e. On September 15, 2025, a warrant for arrest of paroled prisoner was issued by the Pennsylvania Department of Corrections for the arrest and detention of SUERO-Torres for parole violation.

9. Record checks also revealed that as of September 15, 2025, SUERO-Torres had not submitted an application requesting permission to enter the United States before the United States Citizenship and Immigration Services ("USCIS"). SUERO-Torres has not obtained consent from the Secretary of Homeland Security to enter the United States, nor does he have any immigration documents allowing him to legally enter and/or remain in the United States.

10. On September 15, 2025, Raul Roberto SUERO-Torres a national and citizen of the Dominican Republic, was found illegally in the United States after being previously removed from the United States subsequent to an aggravated felony conviction. SUERO-Torres was not admitted, inspected, or paroled into the United States by an immigration officer, nor did SUERO-Torres present himself at a designed port of entry for inspection.

## CONCLUSION

11.    Based on the forgoing, and based upon my training, experience and participation in this and other investigations, I believe that sufficient probable cause exists to demonstrate that **Raul Roberto SUERO-Torres re-entered the United States in violation of 8 U.S.C. 1326(a) and (b)(2)** (*Reentry of removed alien subsequent to an aggravated felony conviction*).

Respectfully submitted,

LUIS O GONZALEZ-ENCARNACION
Digitally signed by LUIS O GONZALEZ-ENCARNACION
Date: 2025.09.18 11:08:35 -04'00'

Luis Gonzalez-Encarnacion
Special Agent
Homeland Security Investigations

Sworn pursuant to FRCP 4.1 at __3:55PM__ by telephone, this __18th__ day of September, 2025.

_____
Hon. Marshal D. Morgan
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF PUERTO RICO